CASE 51—PETITION EQUITY—FEBRUARY 10.

# Blankenship, &c., v. Ross.

### APPEAL FROM LAWRENCE CIRCUIT COURT.

A BASTARD IS NOT CAPABLE OF INHERITING FROM OR TRANSMITTING AN
INHERITANCE TO A LEGITIMATE CHILD OF HIS REPUTED FATHER.
Therefore, upon the death without issue of one of two bastard broth-
ers born of the same mother, his real estate passed by inheritance to
his mother and bastard brother to the exclusion of a legitimate son of
his reputed father. And the fact that his estate came to him by devise
from his reputed father, and that he was an infant at the time of his
death, can make no difference, as section 9 of chapter 31 of the Gen-
eral Statutes, which provides that upon the death of an infant with-
out issue, his real estate derived by gift, devise or descent from one of
his parents "shall descend to that parent and his or her kindred,"
applies alone to infants born in lawful wedlock.

W. W. MARCUM AND STEWART & STEWART FOR APPELLANTS.

The word "parent," as used in section 9 of chapter 31, General Statutes,
does not include the putative father of an illegitimate child. (Gen.
Stats., chap. 31, secs. 1, 5; Stevenson's Heirs v. Sullivant, 5 Whea-
ton, 207; Sutton, &c., v. Sutton, &c., 87 Ky., 216; Berry v. Owens'
Heirs, 5 Bush, 452; Remington v. Lewis, 8 B. M., 606; Scroggin v.
Allan, 2 Dana, 363; Blackstone's Comm., book 2 *, page 274; Bou-
vier's Law Dictionary, " Parent.")

ALEXANDER LACKEY FOR APPELLEE.

Where a bastard dies in infancy without issue, estate which he has derived
by gift or devise from his father passes to the heirs of the father to
the exclusion of the heirs of the bastard. (Note to *In re* Ingram, 12
Am. St. Rep., 103.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The third clause of the will of John H. Ross is as fol-
lows: "All the residue of my estate, of every kind and
description whatever, I give to my son, Thomas Granville
Ross, and to my sons, Charley Brewster and John M.
Ross, known as Blankenship, sons of Sarah A. Blanken-
ship."

As may be readily inferred from the words there used,

and otherwise appears, the two last-named devisees were born bastards.   And one of them, John M. Ross, having, after the will was recorded, died an infant, intestate and without issue, the question on this appeal is whether the real estate thus devised to him goes to his mother and bastard brother, or, as was adjudged by the lower court, to Thomas Granville Ross, the only legitimate child of the testator.

Section 5, chapter 31, General Statutes, is as follows: " Bastards shall be capable of inheriting and transmitting an inheritance on the part of or to the mother; and bastards of the same mother shall be capable of inheriting and transmitting an inheritance on the part of each other, as if such bastards were born in lawful wedlock of the same parents."

According to the plain meaning of that section and uniform decisions of this court, Sarah A. Blankenship, mother, and Charley Brewster Ross, brother, take the real estate in question to the exclusion of Thomas Granville Ross and all others.   For, as said in Remington v. Lewis, 8 B. M., 606, in reference to the act of 1840, similar to section 5, " it must be limited by its own terms to the establishing right of the mother to inherit from her illegitimate child, and the right of her illegitimate children to inherit from her and from each other; and that it does not operate to establish a right, either in the illegitimate children to inherit from the legitimate, or in the legitimate children to inherit from the illegitimate." If, then, as has been also held, the statute is to be so confined in its operation as that a bastard can not inherit from collateral kindred, or even ancestor of his mother, or from a brother born in lawful wedlock of the same mother, nor

any one of either of those classes can inherit from him, certainly a reputed brother of a bastard by the same father can neither inherit from or transmit an inheritance to him.

The lower court does not, however, seem to have wholly ignored such construction of that section, but bases its judgment, as therein stated, upon supposed application to cases like this of section 9 as follows : "If an infant dies without issue, having title to real estate devised by gift, devise or descent, from one of his parents, the whole shall descend to that parent, and his or her kindred as hereinbefore directed, if there be any; and if none, then in like manner to the other parent, or his or her kindred," etc.

But that section was adopted in reference to the common law rule of descents and distribution. Consequently, the word "parent" as therein used must be understood a legal parent, as the word "infant" was intended to apply alone to a person born in lawful wedlock. For in contemplation of the common law bastards, being *nullius filii*, have no parent, and are incapable of inheriting or transmitting an inheritance to any person except to their immediate issue.

On the other hand section 5, to the extent it makes a bastard capable of inheriting from, and transmitting an inheritance to, his mother and bastard brothers of the same mother, is in derogation of the common law and was intended as an exception to the rule fixed in section 9 and to be unaffected thereby. So that real estate which an infant bastard may derive from his reputed father by gift or devise (he can not acquire any by descent), is no more subject at his death to operation of section 9 than if such

real estate had been given or devised to a stranger in blood to the donor or devisor. But this question need not be further considered, for in Stover v. Boswell, &c., 3 Dana, 233, it was practically settled. There it was said of section 5, act of 1796, similar to section 9 quoted, that it was applicable only in those cases where the infant had living at his death brothers or sisters, or brothers or sisters of the father or mother, as the case may be, or any lineal descendants of either of them who were *capable of inheriting* from said infant.

Here, neither Thomas Granville Ross, nor any lineal descendant of him, could have, in any event, inherited from the infant bastard, and, as a consequence, section 9 does not nor was intended to apply to a case like this.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.